UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| SPILLMAN RANCH HOMES, LP    Plaintiff, | § § § § | No. 1:25–CV–171-DAE-ML |
| vs. | § § § | |
| MISCHA ADORARE,    Defendant. | § § § § § | |

ORDER (1) ADOPTING REPORT AND RECOMMENDATION;
(2) REMANDING CASE TO STATE COURT; AND (3) DENYING
PENDING MOTIONS AS MOOT

Before the Court is the Report and Recommendation ("Recommendation") issued by United States Magistrate Judge Mark Lane on February 12, 2025, recommending that this case be remanded to state court for lack of subject matter jurisdiction. (Dkt. # 8.) Defendant Mischa Adorare ("Defendant"), proceeding pro se, has filed objections to the Recommendation. (Dkt. #9.)  Plaintiff Spillman Ranch Homes, LP ("Spillman") has not responded to Defendant's objections.

The Court finds this matter suitable for disposition without a hearing. After conducting a de novo review of the Recommendation, the objections, and the record in this case, the Court **ADOPTS** the Recommendation in full,

1

**OVERRULES** Defendant's objections, and **REMANDS** this case to state court for the reasons that follow.

## BACKGROUND

This case arises from an eviction proceeding filed by Plaintiff Spillman Ranch Homes, LP ("Spillman") in Texas state court. After Defendant Mischa Adorare lost in Justice of the Peace Court, she appealed to the Travis County Court, where she also lost. The case was at the 3rd Court of Appeals, prior to Defendant seeking removal. Upon removal, she also sought to proceed in forma pauperis. Because Defendant sought in forma pauperis status, the Magistrate Judge conducted a preliminary review of the removal under 28 U.S.C. § 1915(e).

The Magistrate Judge granted Defendant's request to proceed in forma pauperis but concluded that removal was improper because the Court lacks subject matter jurisdiction over the case. Specifically, the Recommendation found that (1) removal was untimely under 28 U.S.C. § 1446, and (2) Defendant had not demonstrated a valid basis for federal jurisdiction. Thus, the Magistrate Judge recommended that the case be remanded to state court.

## LEGAL STANDARD

The Court must conduct a de novo review of any of the Magistrate Judge's conclusions to which a party has specifically objected. See 28 U.S.C. § 636(b)(1)(C) ("A judge of the court shall make a de novo determination of those

portions of the report or specified proposed findings or recommendations to which objection is made."). The objections must specifically identify those findings or recommendations that the party wishes to have the district court consider. Thomas v. Arn, 474 U.S. 140, 151 (1985). A district court need not consider "[f]rivolous, conclusive, or general objections." Battle v. U.S. Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987). "A judge of the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

Findings to which no specific objections are made do not require de novo review; the Court need only determine whether the Recommendation is clearly erroneous or contrary to law. United States v. Wilson, 864 F.2d 1219, 1221 (5th Cir. 1989).

DISCUSSION

    A.    Defendant's Objections

Defendant objects to the Recommendation on multiple grounds, but none provide a valid reason to reject the Magistrate Judge's conclusions.

    1.    Timeliness of Removal

The Recommendation correctly concluded that Defendant's removal was untimely under 28 U.S.C. § 1446. A notice of removal must be filed within 30 days of receiving the initial pleading or another paper making the case removable.

28 U.S.C. § 1446(b)(1), (3). The record reflects that the underlying eviction proceedings had been appealed to the Travis County Court no later than July 29, 2024. Further, Defendant filed her Appellant's Brief on the Merits, naming Honorable Todd Wong of the Travis County Court as a respondent, in the 3rd Court of Appeals, on December 14, 2024. However, Defendant did not file her notice of removal until February 6, 2025, long after the statutory deadline had passed. The Magistrate Judge properly found that Defendant's removal was untimely, and Defendant's objections provides no basis to conclude otherwise.

2. Lack of Subject Matter Jurisdiction

The Recommendation also correctly determined that this Court lacks jurisdiction over the case. Federal courts are courts of limited jurisdiction, possessing "only that power authorized by Constitution and statute." Gunn v. Minton, 568 U.S. 251, 256 (2013) (quoting Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994)). "It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction." Energy Mgmt. Servs., LLC v. City of Alexandria, 739 F.3d 255, 258-59 (5th Cir. 2014) (quoting Kokkonen, 511 U.S. at 377).

Here, the Magistrate Judge found that Defendant failed to demonstrate any valid basis for federal jurisdiction. Defendant's argument that this Court has jurisdiction under § 1983 is incorrect. Defendant contends that she has been injured

4

by the Justice of the Peace Court, the Travis County Court, and Spillman's lawyer, who she contends are all state actors.  However, as the Magistrate Judge noted, a judge, acting in his or her capacity as a judicial officer, is entitled to absolute judicial immunity "even when the judge is accused of acting maliciously and corruptly." Ballard v. Wall, 413 F.3d 510, 515 (5th Cir. 2005). Further, Spillman's attorney's membership in a State Bar of Texas section does not render him a state actor.

Defendant's objections do not meaningfully address the Magistrate Judge's conclusion or identify any legal basis for jurisdiction. Instead, they largely repeat arguments already considered and rejected or are otherwise without merit. The Court agrees with the Magistrate Judge's conclusion that there is no federal jurisdiction over this case, and Defendant's objections are therefore **OVERRULED**.

    B.    Pending Motions

In addition to the Motion to Remand, two other motions remain pending in this case. Defendant filed a Motion to Consolidate this case with another related case, 1:23-CV-0152-0DAE. (Dkt. # 10.)  Because the Court lacks jurisdiction and is remanding the case, the Motion to Consolidate is **DENIED AS MOOT**.

Defendant also filed a combined Motion to Dismiss and Motion for

Sanctions. (Dkt. # 11.) Because the Court lacks jurisdiction over this case, these motions are also **DENIED AS MOOT.**

CONCLUSION

For the reasons stated above, the Court **ADOPTS** the Report and Recommendation as the opinion of the Court (Dkt. # 8), **OVERRULES** Defendant's objections, and **REMANDS** this case to the 3rd Court of Appeals. The pending Motion to Consolidate (Dkt. # 10), Motion to Dismiss (Dkt. # 11), and Motion for Sanctions (Dkt. # 11) are **DENIED AS MOOT**.

**IT IS SO ORDERED.**

**DATED:** Austin, Texas, March 12, 2025.

_____
David Alan Ezra
Senior United States District Judge